AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Securities and Exchange Commission <br> *Plaintiff* <br> v. <br> Raymond H. Barton (Kenneth Manzo) <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 2:17-cv-403-JS-GPB <br> ) <br> ) |

**CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT**

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___02/02/2017___.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: __APR 13 2017__

DOUGLAS C. PALMER
CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>   v.<br><br>RAYMOND H. BARTON, et al.,<br><br>        Defendants. | 17 Civ. 403 (SJF) (GRB)<br><br>F I L E D<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br>★  FEB 02 2017  ★<br>LONG ISLAND OFFICE |

**FINAL JUDGMENT AS TO DEFENDANT KENNETH MANZO**

The Securities and Exchange Commission having filed a Complaint and Defendant Kenneth Manzo having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and

Defendant having admitted to the facts set forth in Annex A to the Consent of Kenneth Manzo, and the Consent of Kenneth Manzo and Annex A being hereby incorporated by reference with the same force and effect as if fully set forth herein:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

2

made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $33,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,765.85 and a civil penalty in the amount of $60,000.00 pursuant to Section 21(d)(3) of the Exchange Act. Defendant shall satisfy this obligation by paying $95,765.85 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kenneth Manzo as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment,

5

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

~~IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.~~

6

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: February 2, 2017

s/ Sandra J. Feuerstein
_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                   Plaintiff,

       v.

RAYMOND H. BARTON, et al.,

                   Defendants.

17 Civ. 403 (SJF) (GRB)

## CONSENT OF DEFENDANT KENNETH MANZO

1. Defendant Kenneth Manzo ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant hereby admits the facts contained in Annex A, attached hereto, and the allegations in the complaint as to personal and subject matter jurisdiction, and consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Section 5 of the Securities Act of 1933 (the "Securities Act"); Section 17 of the Securities Act; and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder;

    (b)    permanently bars Defendant from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the

1

purchase or sale of any penny stock (A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].);

(c) prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(d) orders Defendant to pay disgorgement in the amount of $33,000.00, plus prejudgment interest thereon in the amount of $2,765.85; and

(e) orders Defendant to pay a civil penalty in the amount of $60,000.00 under Section 21(d)(3) of the Exchange Act.

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other

4

judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14  Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/30/16

_____
Kenneth Manzo

On 12-30, 2016 Kenneth Manzo, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Jessica Savely
Notary Public
Commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Jessica A. Savely, Notary Public
Delaware Twp., Pike County
My Commission Expires Oct. 5, 2019

Approved as to form:

_____
John E. Lux, Esq.
1629 K Street, Suite 300
Washington, DC 20006
(202) 780-1000
Attorney for Defendant

6

## ANNEX A

Defendant admits the fact set forth below and acknowledges that his conduct violated the federal securities laws:

### Misrepresentations to the Public

1. Kenneth Manzo ("Manzo"), age 47, resides in Shohola, Pennsylvania. Manzo is a licensed pharmacist and, from June 2014 until recently, was chief executive officer of Manzo Pharmaceuticals, Inc. ("Manzo Pharmaceuticals"), a purported developer and manufacturer of dietary supplements. During Manzo's tenure as chief executive officer, Manzo Pharmaceuticals' stock traded on the OTC Pink Open Market.

2. From at least June 2014 through May 2016, Manzo issued at least twelve Manzo Pharmaceuticals press releases that created the false impression that Manzo Pharmaceuticals was the exclusive owner of a patent on a probiotic strain that allegedly could treat the symptoms of lactose intolerance (the "Probiotic Patent") and was poised to market a product containing that probiotic strain called "Lacto-Freedom." Those press releases failed to disclose that the Probiotic Patent's co-inventor (the "Co-Inventor"), who was not affiliated with Manzo Pharmaceuticals, owned 50 percent of the Probiotic Patent and had exclusive physical possession of the probiotic strain.

3. In addition, Manzo issued two false press releases relating to an ongoing Lacto-Freedom clinical trial. The first press release, issued on February 16, 2016, announced that "[a]ll of the participants [in the clinical study] were able to eat and drink dairy products with no symptoms at all just 10-14 days after taking Lacto-Freedom™ for only 7 days. Two-thirds of the participants had no symptoms at all for a period of approximately two months after taking the probiotic, and one-third of the participants had no symptoms whatsoever well after three

months." Contrary to the press release, the reported results were not based upon "all of the participants" in the trial, which still was ongoing, but, rather, upon only three participants from whom Manzo had obtained those results. On March 24, 2016, Manzo issued a press release restating the misleading information contained in the February 16 press release.

### Misrepresentations to Broker-Dealers

4. In connection with other parties' sales of Manzo Pharmaceuticals stock, Manzo misrepresented to various securities brokerage firms that: (a) Raymond Barton ("Barton") was not "affiliated" with Manzo Pharmaceuticals; (b) Barton had "not been given access to any information that has not been previously publicly disseminated"; and (c) Manzo Pharmaceuticals was not a current or prior shell company.

### Sales of Unregistered Securities

5. In December 2014, Barton recruited Manzo to sell unregistered shares of MedGen, Inc. ("MedGen"), a public company with shares trading on the OTC Pink Open Market, for Barton's benefit. Barton converted a portion of a MedGen promissory note into 50 million shares of Medgen stock and purported to transfer the shares to Manzo, while retaining an ownership interest in them.

6. Manzo deposited the 50 million shares in a brokerage account in his name. Manzo failed to disclose to the broker that Barton had an ongoing ownership interest in the shares.

7. After depositing the shares, Manzo sold them for over $60,000 and paid Barton $31,000 out of those funds.